IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TERRY ALEXANDER TUCKER, | ) |
| | ) |
| Petitioner *pro se*, | ) |
| | )   Criminal Action No. 19-cr-00555-LKG |
| v. | ) |
| | )   Dated: August 6, 2024 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.      INTRODUCTION**

Petitioner *pro se*, Terry Alexander Tucker, has moved to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, upon the grounds that the United States Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019), renders his plea agreement null and void. ECF No. 62. The motion is fully briefed. ECF Nos. 62, 72, 74. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons set forth below, the Court **DENIES** Mr. Tucker's motion.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**[1]

Mr. Tucker is currently serving a 60-month sentence of incarceration, following his conviction of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) and felon-in-possession of firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF No. 72 at 3. On March 29, 2019, law enforcement officers conducted a traffic stop on Mr. Tucker, after noticing an inoperable brake light on his vehicle. *Id.* at 1. During the course of the traffic stop, the officers recovered 11.3 grams of a cocaine base and two cell phones. *Id.* On September 27, 2019, law enforcement executed a search warrant at Mr. Tucker's

---

[1] The facts recited in this memorandum opinion are derived from the Petitioner's motion to vacate, set aside or correct his sentence and the Government's brief in opposition to the motion. ECF Nos. 62 and 72.

residence and recovered a Zastaz-Serbia, Model PAP M92PV firearm with a loaded extended magazine; $1,250.00 in U.S. currency; and 72.2 grams of cocaine base. *Id.* at 2.

On November 20, 2019, a federal grand jury sitting in the District of Maryland issued a one-count Indictment against Mr. Tucker, charging him with possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). ECF No. 1. Thereafter, on September 29, 2020, a two-count Superseding Information was issued against Mr. Tucker, charging him with possession with intent to distribute controlled substances and felon in possession of firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF No. 43.

On October 13, 2020, Mr. Tucker pled guilty to both Counts of the Superseding Information, pursuant to a plea agreement. ECF Nos. 49, 50. In connection with his plea agreement with the Government, Mr. Tucker signed a Stipulation of Facts, which, among other things, details the elements of each of the charged offenses and the facts supporting the convictions for the offenses. ECF No. 49. On December 22, 2022, the Court sentenced Mr. Tucker to 60-months incarceration for each Count in the Superseding Information, to run concurrently and with credit for time served in federal custody. ECF No. 59.

On May 13, 2021, Mr. Tucker filed the pending motion vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. ECF No. 62. On May 19, 2023, the Government filed a response in opposition to Mr. Tucker's motion. ECF No. 72. On June 20, 2023, the Government filed a supplemental response in opposition to the motion. ECF No. 74.

Mr. Tucker's motion to vacate, set aside or correct his sentence having been fully briefed, the Court resolves the pending motion.

### III.   STANDARDS FOR DECISION

#### A. Section 2255 Motions

Pursuant to 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence," if the prisoner can show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . [.]" 28 U.S.C. § 2255(a). A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding. *Wall v. Kholi*, 562 U.S. 545, 552 (2011). And so,

2

to succeed on the collateral attack, the defendant must prove by a preponderance of the evidence that one of the following occurred: (1) the conviction or sentence was imposed in violation of the laws or Constitution of the United States; (2) the Court imposing the sentence lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack.  28 U.S.C. § 2255.

In this regard, the United States Court of Appeals for the Fourth Circuit has recognized that the Court has "three possible methods, depending upon the facts, [for] disposition of motions under Section 2255:" summary disposition, disposition on an expanded record on disposition after an evidentiary hearing.  *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).  Summary disposition of a Section 2255 motion is appropriate where "the files and records conclusively show that the prisoner is entitled to no relief."  *Id*.; *accord United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (holding that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court").

### B. *Rehaif* Claims

Title 18, United States Code, Section 922(g)(1) provides in relevant part that:

> (g) it shall be unlawful for any person –
>
>> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

*See* 18 U.S.C. § 922(g)(1).  Recently, the Supreme Court clarified that when prosecuting an offense under Section 922(g)(1), the Government must prove that the defendant knowingly: (1) belonged to a prohibited class of persons (in this case, being a felon); (2) possessed; (3) a firearm and/or ammunition; and (4) the possession charged was in, or affected, interstate commerce.  *See Rehaif v. United States*, 588 U.S. 225, 230 (2019) (citing 18 U.S.C. § 922(g)).

The requirement that that the Government prove that the defendant "knowingly" violated Section 922(g)(1) derives from 18 U.S.C. § 924(a)(8), which provides in relevant part that:

> Whoever knowingly violates subsection (d) or (g) of [S]ection 922 shall be fined under this title, imprisoned for not more than 15 years, or both.

3

*See* 18 U.S.C. § 924(a)(8). The "knowingly" *mens rea* applies both to the defendant's conduct and his status as a felon when prosecuted under Section 922(g)(1). *Rehaif*, 588 U.S. 225 at 227, 237. And so, in felon-in-possession cases, the Government must prove not only that the defendant knew that he possessed a firearm, but also that he knew he was a felon at the time that he possessed the firearm and/or ammunition. *Id*. at 235-37; *see also Greer v. United States*, 593 U.S. 503, 505-06 (2021) (holding that the Government must prove that the defendant "knew he was a felon when he possessed the firearm").

When seeking relief on a claim of *Rehaif* error, a defendant must satisfy the substantial-rights prong of plain-error review by showing that a jury instruction or plea colloquy failed to include the *mens rea* requirement for a felon-in-possession conviction. *Greer*, 593 U.S. at 507-08. Given this, to prevail on a claim of *Rehaif* error, a defendant must show that he would have presented evidence to the Court that he did not, in fact, know that he was a felon when he possessed a firearm and/or ammunition. *Id.* at 508 ("If a person if a felon, he ordinarily knows he is a felon."). And so, a defendant seeking to vacate, set aside or correct a judgment, who previously pled guilty, has the burden to show that there is a reasonable possibility that he would not have done so if the Court correctly advised him of the *mens rea* element of the offense. *Id.* at 509 ("[A]bsent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon.").

**IV.     ANALYSIS**

In this case, Mr. Tucker, seeks to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, upon the grounds that the Court erred by failing to advise him of the elements of the felon-in-possession offense, as required by the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019). ECF No. 62. Specifically, Mr. Tucker argues that the Court erred, because he had no knowledge of his prohibited status at the time of the offense. *Id.* at 2. For the reasons that follow, Mr. Tucker has not met his burden to show that relief under Section 2255 is warranted. And so, the Court will DENY Mr. Tucker's motion to vacate, set aside or correct his sentence.

Mr. Tucker has not shown that a *Rehaif* error occurred in this case. The Supreme Court held in *Rehaif* that, in felon-in-possession cases, the Government must prove not only that the defendant knew he possessed a firearm, but also that the defendant knew he was a felon when he possessed the firearm and/or ammunition. *Rehaif*, 588 U.S. at 235-37. And so, in this case, the

Government had the burden to prove that Mr. Tucker knew he belonged to the relevant class of persons barred from possessing a firearm and/or ammunition, in other words, that Mr. Tucker knew he had been convicted of a crime punishable by a term of imprisonment of more than one year when he possessed the firearm and ammunition. *Id.* at 237. The Government need not prove, however, that Mr. Tucker specifically knew that he was prohibited from possessing a firearm at that time, as Mr. Tucker suggests in his motion to vacate. ECF No. 62 at 1, 2; *see also United States v. Moody*, 2 F.4th 180, 197-98 (4th Cir. 2021) (holding that the Government does not need to prove that defendant knew his felon status prohibited him from possessing a firearm).

A review of the record in this criminal matter shows that Mr. Tucker was advised of the requirement that he knew that he had been convicted of a felony when he possessed the firearm and ammunition at issue in this case. As the Government correctly observes in its response in opposition, Mr. Tucker signed a written Plea Agreement with the Government that, among other things, sets forth in detail the elements of the felon-in-possession offense to which he was pleading guilty. ECF No. 49 at ¶ 2 (providing that the offense elements include that: "at the time of the charged act, the Defendant had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, and his civil rights had not been restored; and . . . at the time of the charged act, the Defendant knew that the Defendant had been convicted of such an offense."). By signing the Plea Agreement, Mr. Tucker, who was represented by counsel at that time, also acknowledged that:

> I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

*Id*. at ¶ 9. Relevant to the pending motion, Mr. Tucker also reviewed and agreed to the Stipulation of Facts for his case, which, states that:

> Prior to September 27, 2019, TUCKER had been, and knew that he had been, previously convicted of a crime punishable by imprisonment for a term exceeding one year and his civil rights had not been restored.

*Id.* at 2.

The transcript of Mr. Tucker's arraignment and plea hearing also shows that Mr. Tucker confirmed under oath that he knowingly and voluntarily signed the Plea Agreement and the Stipulation of Facts. ECF No. 76 at 12:22-13:7, 13:9-19. The transcript shows that the Court advised Mr. Tucker of each of the elements of offenses to which he was pleading guilty, including that, at the time he knowingly possessed a firearm and ammunition, he had "previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, and [his] civil rights had not been restored," and that "at the time of the act, [Mr. Tucker knew] that [he] had been convicted of such an offense." *Id*. at 14:15-20. Mr. Tucker also confirmed to the Court that he understood the elements of the offense during his arraignment and plea hearing. *Id*. at 15:20-25.

In addition, Government counsel reviewed the facts contained in the Stipulation of Facts during the arraignment and plea hearing, including that: "[p]rior to September 27, 2019, [Mr.] Tucker had been, and knew he had been, previously convicted of a crime punishable by imprisonment for a term exceeding one year and his civil rights had not been restored." *Id*. at 18:15-18. Mr. Tucker again acknowledged to the Court that the facts stated by the Government during the hearing were true. *Id*. at 18:23-24.

Given this, the record before the Court makes clear that Mr. Tucker was advised of, and agreed to, the elements of the felon-in-possession offense charged in this case, including the requirement that he knew of his felon status at the time that he possessed the firearm and ammunition at issue. For this reason, Mr. Tucker's *Rehaif* challenge to his sentence must fail.

And so, the Court DENIES Mr. Tucker's motion to vacate, set aside or correct his sentence.

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion to vacate judgment, set aside or correct his sentence.

**IT IS SO ORDERED.**

> s/Lydia Kay Griggsby
> LYDIA KAY GRIGGSBY
> United States District Judge